139 F.3d 905
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor Kurt JONES, Petitioner-Appellant,
v.
George SMITH, Warden, California State Prison, Corcoran.
Respondent-Appellee.
 No. 97-15293.
D.C. No. CV-95-02136-SI.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 10, 1997.
Decided Feb. 25, 1998.
 
 Appeal from the United States District Court for the Northern District of California Susan Yvonne Illston, District Judge, Presiding.
 Before FLETCHER, WIGGINS, RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Victor Jones appeals the denial of his petition for habeas relief for his 1993 attempted murder conviction. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 I.
 
 3
 The Court of Appeals reviews de novo the denial of a § 2254 petition for habeas corpus. See Gretzler v. Stewart, 112 F.3d 992, 998 (9th Cir.1997); Suniga v. Bunnell, 998 F.2d 664, 666 (9th Cir.1993).
 
 II.
 
 4
 Habeas relief is an extraordinary remedy. See Brecht v. Abrahamson, 507 U.S. 619, 633-34, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Federal habeas relief can only be granted on the basis of harmful violation of the United States Constitution or other federal law. See 28 U.S.C. § 2241; Estelle v. McGuire, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). The mere fact of a state law error in jury instructions is an insufficient basis for federal habeas relief. See Estelle, 502 U.S. at 71-72. In order to grant habeas relief on the basis of faulty jury instructions, this court must find that (1) the faulty instructions created constitutional error, and (2) the constitutional error was not harmless. See Brecht, 507 U.S. at 638; Estelle, 502 U.S. at 72; Suniga v. Bunnell, 998 F.2d 664, 666-67 (9th Cir.1993).
 
 
 5
 In this case, either faulty jury instruction, if applied by the jury, would have caused constitutional error at the trial by removing from the prosecution the burden of proving an element of its attempted murder case--specific intent--beyond a reasonable doubt. See Sandstrom v. Montana, 442 U.S. 510, 520, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) (holding that a due process violation results from removing from the prosecution the burden of proving an element of a charged crime beyond a reasonable doubt). Therefore, in this case, the inquiry into whether the faulty instructions caused constitutional error becomes an inquiry into " 'whether there is a reasonable likelihood that the jury has applied the challenged instruction." ' Estelle, 502 U.S. at 72 (quoting Boyde v. California, 494 U.S. 370, 380, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990)).
 
 
 6
 We find that there is not a "reasonable likelihood" that the jury applied either the felony murder or the implied malice instruction to the attempted murder charge, thereby convicting Jones of attempted murder without finding the requisite specific intent. Most importantly, the jury was unambiguously instructed, and repeatedly told, that specific intent was necessary for an attempted murder conviction. It is unlikely that the jury ignored this clear instruction.
 
 
 7
 Moreover, the faulty instructions, by their language, only applied when a death occurred. Significantly, no-one died in the gunfire between Jones and Martin Adrow. Therefore, neither instruction could logically apply to the facts of the case; the jury would have had to perform mental gymnastics to apply either one. Neither instruction provided an independent means of convicting Jones for attempted murder, unlike the faulty instructions in Suniga v. Bunnell, 998 F.2d 664 (9th Cir.1993). No matter what fanciful twists of logic the jury went through, it had to return to the attempted murder instructions, which explicitly required a finding of specific intent. And there was sufficient evidence for the jury to make such a finding.
 
 III.
 
 8
 Because there is not a reasonable likelihood that the jury applied either the felony murder or the implied malice instruction, the faulty instructions did not cause constitutional error at Jones' trial. Therefore, the denial of Jones' petition for habeas relief is AFFIRMED.
 
 
 9
 FLETCHER, Circuit Judge, Dissenting.
 
 
 10
 I respectfully dissent. The majority opines that it would take "mental gymnastics" for a jury to convict Jones of "attempted felony murder" or "implied malice" even though it was instructed on the elements of felony murder, implied malice and attempted murder. Memorandum at 3. The memorandum finds no reasonable likelihood that the jury could not reconcile inapplicable and misleading instructions,--confusion that confounds law students and even lawyers and judges, see New Mexico v. Price, 104 N.M. 703, 726 P.2d 857, 858 (1986) (reversing lower court's conviction for attempted felony murder and noting a split among states, some recognizing attempted felony murder as a crime, others not), or that the jury improperly applied the erroneous instructions to attempted murder. I disagree.
 
 
 11
 The majority makes much of the point that the court explicitly instructed that to find attempted murder the jury must find specific intent to kill. True enough. However, instructing the jury also as to what constitutes felony murder and implied murder could suggest to the jury that the intents for those crimes are the equivalent of the intent to kill required for attempted murder. Why else would the judge instruct then on felony murder and implied murder? Why else would the judge give those instructions? Since there was no death, the jury could well reason that the purpose could be to instruct on alternative elements of intent.
 
 
 12
 The court gave the following instructions on attempted murder:
 
 
 13
 The defendant is accused in count one of the information of having committed the crime of attempt to commit murder in violation of section 664 and 187 of the penal code. Every person who attempts to murder another human being is guilty of a violation of sections 664 and 187 of the penal code.
 
 
 14
 Murder is the unlawful killing of a human being with malice aforethought. A killing is unlawful if it is not excusable. In order to prove such a crime, each of the following elements must be proved:
 
 
 15
 First, a direct but ineffectual act was done by one person towards killing another human being; and, two, the person committing such an act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being.
 
 
 16
 So far this is unexceptionable. However, the district court followed this instruction by erroneously instructing the jury on felony murder and implied malice. For felony murder the district court instructed the jury that "[i]f a person causes another's death, while committing a felony inherently dangerous to human life, the crime is murder." With respect to implied malice, the district court instructed the jury that
 
 
 17
 [i]f a person causes another's death by doing such a dangerous act in an unlawful or criminally negligent manner, without realizing the risk involved, he is guilty of manslaughter. If, on the other hand, the person realized the risk and acted in total disregard of the danger to life involved, malice is implied, and the crime is murder.
 
 
 18
 Since both felony murder and implied murder require death, the memorandum's argument boils down to its conclusion that since no one died these instructions logically could not be applied. While they may not be "literally" applied, it is not illogical for a jury to find that, even without death, the intent for either felony murder or implied malice murder are relevant in determining whether the requirement of intent to kill required for attempted murder was satisfied. I conclude that a reasonable likelihood exists that a jury could and likely would read the murder instructions with the attempt instruction in interpreting the meaning of intent to kill required for attempted murder. I conclude that this requires us to grant the writ.
 
 
 19
 Our opinion in Suniga v. Bunnell, 998 F.2d 664 (9th Cir.1993) strongly supports this result. In Suniga, the prosecution's theory was premeditated murder. The enraged husband attacked the victim whom he suspected of "messing with" his wife. Death resulted. The trial judge instructed on felony murder, mistakenly thinking that the assault with a deadly weapon that resulted in the killing could serve as the "felony." He also instructed on implied malice. Judge Fernandez, writing for the court, cogently points out that under the law of California "felony murder ADW"[1] is not a crime in California, id. at 670, and that such a formulation is especially dangerous because the flaw in the instruction "is not at all obvious": He went on to state that the case is not amenable to harmless error analysis. Id. I quote his powerful language:
 
 
 20
 The state trial court erroneously instructed the jury on the theory of felony-murder. We have determined that its error was so serious that the 'instruction by itself so infected the entire trial that the resulting conviction violates due process." ' McGuire, 502 U.S. 62 at ----, 112 S.Ct. at 482, 116 L.Ed.2d 385 (citation omitted). In so doing, we emphasize that this is not a case where the trial court misinstructed on some existing theory of state law. Nor is it a case of an undesirable or ambiguous instruction. Here it is acknowledged that there is no such state law theory at all so Suniga was exposed to the possibility of conviction of felony murder ADW when no such theory of criminality exists in California. If even one juror voted to convict him on that theory, he was convicted wrongfully and in violation of powerful historical and philosophical principles which underlie our system. That cannot be risked.
 
 
 21
 Id.
 
 
 22
 In our case, attempted felony-murder is not a crime under California law. Based on the instructional error, just as in Suniga, a juror could have convicted Jones on the theory that Jones had committed a non-existent crime. Just as in Suniga that is an unacceptable risk. In our case, substantial rights were affected by the violation of due process. The writ should issue. See Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); also see Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Assault with a deadly weapon